MATHER v. PRATT *et al.*

### Assignment for the benefit of creditors.

Where there is an assignment for the benefit of such creditors of the assignors, as shall, within a certain period, execute a general release to them, a creditor who has not executed the release, cannot maintain an action against the assignees. (*a*)

THIS was an action brought by the plaintiff, as indorsee and holder of several promissory notes, made by Dorey & Bayhir, in favor of Joseph Mussi, against the defendants, to whom Dorey & Bayhir had assigned all their estate, in trust for the payment, *pro rata*, of such of their creditors, as should, within a certain period, execute a general release ; and the dividend of the non-assenting creditors was to be paid to them. The plaintiff had not executed the release ; and it was objected, that he could not sue the trustees, even for a dividend, in his own name, without performing the condition precedent.

THE COURT were unanimously, and clearly, of this opinion ; and the plaintiff suffered a nonsuit. (*b*)

*M. Levy*, for the plaintiff. *Dallas*, for the defendant.

---

*225]          *MARCH TERM, 1801.

---

(*a*) Where a voluntary assignment has been made for the benefit of such of the creditors of the assignor, as shall, within a specified time, execute a release of their debts, a creditor must release within the time specified, or he will not be entitled to a dividend, though he should execute a release, before any dividend has been declared. Cheever *v.* Imlay, 7 S. & R. 510. It is not sufficient, that an offer to release has been made, within the specified time, nor will the acceptance of the trust by an assignee, who is a creditor, entitle him to the benefit of it, if he has failed to execute the release within the time. Pearpoint *v.* Graham, 4 W. C. C. 232. But a release, executed after the specified time, will discharge the debt, where there is neither fraud nor mistake. Coe *v.* Hutton, 1 S. & R. 398.

(*b*) After this nonsuit, the plaintiff issued a foreign attachment against Dorey & Bayhir, and attached the dividend in the hands of the defendants, which was, eventually, recovered.